_____



SO ORDERED,

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: May 15, 2014**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **MICHAEL J. MILLER** | **CASE NO. 0702462EE** |

| | |
|---|---|
| Hon. Craig M. Geno<br>cmgeno@cmgenolaw.com<br>587 Highland Colony Parkway<br>Ridgeland, MS  39157 | Attorney for Michael J. Miller |
| Hon. Laura M. Conner<br>laura.m.conner@usdoj.gov<br>Post Office Box 14198<br>Ben Franklin Station<br>Washington, D.C.  20044 | Attorney for the Internal Revenue Service<br>United States Department of Justice |
| Hon. David N. Usry<br>david.usry@usdoj.gov<br>501 East Court Street, Suite 4.430<br>Jackson, MS  39201 | Attorney for the Internal Revenue Service<br>Assistant United States Attorney |
| Hon. Ronald H. McAlpin<br>ronald.mcalpin@usdoj.gov<br>501 East Court Street, Suite 6.430<br>Jackson, MS  39201 | Office of the United States Trustee, Region 5<br>Assistant United States Trustee |

Edward Ellington, Judge

**MEMORANDUM OPINION ON** *UNITED STATES' MOTION FOR SUMMARY JUDGMENT REGARDING THE DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM (CLAIM #17-5) FILED BY INTERNAL REVENUE SERVICE (DKT #847)*

**THIS MATTER** came before the Court on the *United States' Motion for Summary Judgment Regarding the Debtor's Objection to Amended Proof of Claim (Claim #17-5) Filed by Internal Revenue Service (Dkt #847)* (Dkt. #1174); the *Answer, Response and Memorandum Brief in Opposition to Motion of the Internal Revenue Service for Summary Judgment* (Dkt. #1214) filed by Michael J. Miller; the *Reply in Support of United States' Motion for Summary Judgment Regarding the Debtor's Objection to Amended Proof of Claim (Claim #17-5) Filed by Internal Revenue Service (Dkt. #847)* (Dkt. #1218); and the *Surrebuttal, Answer, Response and Memorandum Brief in Opposition to Motion of the Internal Revenue Service for Summary Judgment* (Dkt. #1240) filed by Michael J. Miller. Having considered same, the Court finds that the *United States' Motion for Summary Judgment Regarding the Debtor's Objection to Amended Proof of Claim (Claim #17-5) Filed by the Internal Revenue Service (Dkt. #847)* (Dkt. #1174) is not well taken and should be denied.

**FINDINGS OF FACT**

Michael J. Miller is an attorney who has a nationwide practice. Mr. Miller's primary area of practice has been mass tort litigation, mainly pharmaceutical litigation. For various reasons, including a fee dispute with another law firm, Michael J. Miller (Debtor) filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on August 9, 2007.

On November 9, 2007, the Department of Treasury, Internal Revenue Service (IRS) filed a *Proof of Claim* (Claim 17-1). Subsequently, the IRS amended its initial *Proof of Claim* four times. On June 30, 2009, the IRS filed its last amended *Proof of Claim* (Claim #17-5) (Proof of Claim).

In its Proof of Claim, the total amount of the IRS' claim is $1,306,231.88. This figure is the amount of federal income tax liability assessed by the IRS against the Debtor for tax years 2006 and 2007. The total claim is broken down as follows: $1,036,458.20 is an unsecured priority claim, and $269,773.68 is an unsecured general claim.[1]

On June 30, 2010, the Debtor filed his *Objection to Amended Proof of Claim (Claim #17-5) filed by Internal Revenue Service* (Dkt. #847) (Objection). Since the Objection was filed, the Objection has been held in abeyance several times, and the IRS has been given extensions of time to file a responsive pleading.

On September 28, 2012, the *United States' Motion for Summary Judgment Regarding the Debtor's Objection to Amended Proof of Claim (Claim #17-5) Filed by Internal Revenue Service (Dkt #847)* (Dkt. #1174) (Motion) was filed. In its Motion, the IRS alleges that there are no genuine issues of material facts, and therefore, the IRS is entitled to summary judgment as a matter of law overruling the Debtor's Objection to its Proof of Claim.

After receiving several extensions of time, the Debtor filed his *Answer, Response and Memorandum Brief in Opposition to Motion of the Internal Revenue Service for Summary Judgment* (Dkt. #1214) (Answer) on December 3, 2012. The Debtor denied that the IRS was entitled to have its Motion granted.

The *Reply in Support of United States' Motion for Summary Judgment Regarding the Debtor's Objection to Amended Proof of Claim (Claim #17-5) Filed by Internal Revenue Service (Dkt. #847)* (Dkt. #1218) was filed on December 17, 2012. And on February 20, 2013, the Debtor filed his *Surrebuttal, Answer, Response and Memorandum Brief in Opposition to Motion of the*

---

[1] *Proof of Claim*, Case No. 0702462EE (Michael J. Miller), Claim No. 17-5, p. 2, June 30, 2009.

*Internal Revenue Service for Summary Judgment* (Dkt. #1240).

Since the parties were exchanging documents, the Court entered an *Agreed Order* (Dkt. 1270) on June 3, 2013, suspending the briefing schedule on matters related to the Motion and the Objection. On April 30, 2014, the Debtor filed his *Motion to Return Debtor's Objection to the Claim of the Internal Revenue Service to the Active Docket* (Dkt. #1310). The Court entered its *Order Granting Motion to Return Debtor's Objection to the Claim of the Internal Revenue Service to the Active Docket and Setting Aside the June 3, 2013, Agreed Order (Dkt. #1270)* (Dkt. #1316) on May 15, 2014.

## CONCLUSIONS OF LAW

### I. Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(B).

### II. Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure,[2] provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

---

[2] Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510 (1986)." *Newton v. Bank of America (In re Greene),* 2011 WL 864971, at *4 (Bankr. E.D. Tenn. March 11, 2011).

"The moving party bears the burden of showing the . . . court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)." *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003).

Once a motion for summary judgment is pled and properly supported, the burden shifts to the non-moving party to prove that there are genuine disputes as to material facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials."[3] Or the non-moving party may "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute."[4] When proving that there are genuine disputes as to material facts, the non-moving party cannot rely "solely on allegations or denials contained in the pleadings or 'mere scintilla of evidence in support of the nonmoving party will not be sufficient.' *Nye v. CSX Transp., Inc.,* 437 F. 3d 556, 563 (6th Cir. 2006); *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986)." *Newton,* 2011 WL 864971, at *4. "[T]he nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action." *Malacara v. Garber,* 353 F.3d 393, 404 (5th Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 106 S. Ct. at 1356 (citations

---

[3]Fed. R. Bankr. P. 7056(c)(1)(A).

[4]Fed. R. Bankr. P. 7056(c)(1)(B).

omitted).

When considering a motion for summary judgment, the court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party, and the motion should be granted only where there is no genuine issue of material fact. *Thatcher v. Brennan*, 657 F. Supp. 6, 7 (S.D. Miss. 1986), *aff'd*, 816 F.2d 675 (5th Cir. 1987)(citing *Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 (5th Cir. 1984)); *See also Matshushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538, 553 (1986). The court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S. Ct. 2502, 2512, 91 L. Ed. 2d. 202 (1986).

## II. Application to the Case at Bar

The Court has the discretion to deny a motion for summary judgment if the Court believes that the record would be more fully developed at trial. "Neither do we suggest that . . . the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255 (citation omitted). *Kunin v. Feofanov,* 69 F.3d 59, 62 (5th Cir. 1995); *Black v. J.I. Case Co.,* 22 F.3d 568, 572 (5th Cir. 1994).

In the case at bar and under the circumstances of this case, the Court finds that the better course of action would be to set the Proof of Claim and the Objection for trial. Consequently, the Court finds that the Motion should be denied.

## CONCLUSION

For the reasons set forth above, the Court finds that the Motion is not well taken and that

summary judgment should be denied.

A separate judgment consistent with this Opinion will be entered in accordance with Rules 9014 and 9021 of the Federal Rules of Bankruptcy Procedure.

##END OF ORDER##